******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

## STATE OF CONNECTICUT *v.* YASHIRA A. ESPINO
## (SC 20428)

Robinson, C. J., and McDonald, D'Auria, Mullins,
Kahn, Ecker and Vertefeuille, Js.*

*Syllabus*

Convicted, on a conditional plea of nolo contendere, of the crime of posses-
    sion of a controlled substance with intent to sell, the defendant appealed,
    claiming that the trial court improperly denied her motion to suppress
    certain evidence that was seized after the police detained her, without
    a warrant, in a vehicle in the parking lot of the apartment building in
    which she lived while executing an unrelated search warrant on an
    apartment in that building. More specifically, the defendant claimed that
    the trial court incorrectly had concluded that the warrantless seizure
    fell within the exception to the fourth amendment warrant requirement
    that authorizes law enforcement officers executing a search warrant to
    detain the occupants of the premises while a proper search is conducted
    because, inter alia, she was not in the immediate vicinity of the premises
    to be searched within the meaning of that exception. *Held* that the
    exception to the warrant requirement on which the trial court relied in
    denying the defendant's motion to suppress was inapplicable, as the
    defendant was not within the immediate vicinity of the premises to be
    searched when she was detained by the police, and, accordingly, her
    fourth amendment rights were violated, and the evidence obtained as
    a result of the warrantless seizure should have been suppressed; because
    the facts of this case and the issue presented on appeal were identical
    to those in the companion case of *State* v. *Rolon*, (337 Conn.     ), this
    court's reasoning in *Rolon* controlled the present case.

Argued June 5—officially released November 13, 2020**

*Procedural History*

Substitute information charging the defendant with the crimes of possession of a controlled substance with intent to sell, possession of a controlled substance, and operation of a drug factory, brought to the Superior Court in the judicial district of Hartford, where the court, *Gold, J.*, denied the defendant's motion to suppress certain evidence; thereafter, the defendant was presented to the court, *Baldini, J.*, on a conditional plea of nolo contendere to the charge of possession with intent to sell; judgment of guilty in accordance with the plea; subsequently, the state entered a nolle prosequi as to the charges of possession of a controlled substance and operation of a drug factory, and the defendant appealed. *Reversed*; *further proceedings*.

*Mark Rademacher*, assistant public defender, for the appellant (defendant).

*Sarah Hanna*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's attorney, and *David L. Zagaja*, senior assistant state's attorney, for the appellee (state).

*Opinion*

ECKER, J. This is a companion case to *State* v. *Rolon*, 337 Conn. , A.3d (2020), which we release today. The defendant, Yashira A. Espino, appeals from the judgment of conviction rendered by the trial court following her conditional plea of nolo contendere to the charge of possession of a controlled substance with intent to sell in violation of General Statutes § 21a-277 (a).[1] On appeal, the defendant claims that she was illegally detained, along with her codefendant, Richard Rolon,[2] in a car in the parking lot of a multiunit apartment building in violation of the fourth amendment to the United States constitution because the police lacked either a warrant or a reasonable, articulable suspicion of criminal activity. She contends that the trial court improperly denied her motion to suppress evidence under these circumstances.[3] The issue in this case, as in the companion case, is whether the defendant's detention was permissible under the exception to the fourth amendment's warrant requirement articulated in *Michigan* v. *Summers*, 452 U.S. 692, 705, 101 S. Ct. 2587, 69 L. Ed. 2d 340 (1981), and *Bailey* v. *United States*, 568 U.S. 186, 193, 133 S. Ct. 1031, 185 L. Ed. 2d 19 (2013) (*Summers* exception), which permits the police to detain "occupants" within the "immediate vicinity" of a premises subject to a search warrant. For the reasons explained in *Rolon*, we agree with the defendant that the *Summers* exception is inapplicable because she was not within the "immediate vicinity" of the apartment to be searched and, therefore, reverse the trial court's judgment.

The facts in the present case are identical to those set forth in detail in our decision in *State* v. *Rolon*, supra, 337 Conn. . It would serve no useful purpose here to repeat those facts or the attendant legal analysis. For the reasons explained in *State* v. *Rolon*, supra, , we conclude in the present case that the *Summers* exception is inapplicable because the state failed to adduce sufficient evidence to establish that Rolon and the defendant were in the "immediate vicinity" of the premises subject to a search warrant. See *Bailey* v. *United States*, supra, 568 U.S. 195, 201 (declining to extend *Summers* exception to occupants outside immediate vicinity of premises subject to search warrant, reasoning that occupants "stopped or apprehended away from the premises where the search is being conducted" do not "[pose] a real threat to the safe and efficient execution of [the] search warrant"). Because the state does not claim that the warrantless seizure of the defendant was justified by some other exception to the fourth amendment's warrant requirement, we are compelled to conclude that the defendant's rights under the fourth amendment were violated and the evidence obtained as a result of the warrantless seizure should have been suppressed. See id., 202 (warrantless seizure

outside "the immediate vicinity of a premises to be searched . . . must be justified by some . . . rationale" other than *Summers* exception).

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to suppress.

In this opinion the other justices concurred.

* The listing of justices reflects their seniority status on this court as of the date of oral argument.

** November 13, 2020, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] The defendant originally was charged with possession of a controlled substance with intent to sell in violation of § 21a-277 (a), possession of a controlled substance or more than one-half ounce of marijuana in violation of General Statutes § 21a-279 (a) (1), and operation of a drug factory in violation of § 21a-277 (c). Following the defendant's conditional guilty plea to possession of a controlled substance with intent to sell, the state entered a nolle prosequi as to each of the remaining charges. The trial court sentenced the defendant to seven years of imprisonment, execution suspended, and three years of probation.

[2] The defendant and Rolon both moved to suppress evidence obtained as a consequence of the allegedly unconstitutional seizure. See footnote 3 of this opinion. The trial court held a joint evidentiary hearing on the motions to suppress and issued a single written memorandum of decision, in which it denied both motions under *Michigan* v. *Summers*, 452 U.S. 692, 705, 101 S. Ct. 2587, 69 L. Ed. 2d 340 (1981), and *Bailey* v. *United States*, 568 U.S. 186, 193, 133 S. Ct. 1031, 185 L. Ed. 2d 19 (2013). As the state acknowledges in its brief, because the defendant and Rolon were detained simultaneously in Rolon's motor vehicle, and "there was simply no practical way that law enforcement officers could detain Rolon without also detaining the defendant," there is no "distinction between the [warrantless seizure of the] defendant and Rolon" under *Summers* and *Bailey*.

[3] During the warrantless detention, the police discovered a marijuana cigarette and narcotics packaging materials in plain view in Rolon's motor vehicle. As a result, the police obtained a search warrant for the defendant's apartment, where they found narcotics, narcotics packaging materials, approximately five ounces of marijuana, and more than $20,000 in cash. The defendant moved to suppress the foregoing evidence as the fruit of the allegedly unconstitutional detention. See, e.g., *State* v. *Jevarjian*, 307 Conn. 559, 565 n.5, 58 A.3d 243 (2012) ("fruit of the poisonous tree doctrine" is "an extension of the general exclusionary rule that specifically applies to evidence derived indirectly from an unlawful search" or seizure (internal quotation marks omitted)).